FILED

AUG 31 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| PAMELA MIDDLEBROOK, | ) ) 4:17CR00398 RWS |
| Defendant. | ) ) |

## INFORMATION

The United States Attorney charges that:

### The Defendant

1. At all times relevant to this Information, defendant Pamela Middlebrook was a resident of St. Louis County, Missouri. Defendant owned and operated a home health care agency in St. Louis County, within the Eastern Division of the Eastern District of Missouri.

### Relevant Missouri Medicaid Provisions

2. The United States Department of Health and Human Services, through the Centers for Medicare and Medicaid Services ("CMS"), administers the Missouri Medicaid Program, which is a federal health care benefit program within the meaning of 18 U.S.C. § 24(b) that provides medical benefits, items, and services to low income citizens of Missouri.

3. Under certain circumstances, the Missouri Medicaid program provides reimbursement for personal care services delivered to beneficiaries in the home setting. Personal care services include meals, the cleaning and grooming of the beneficiary, medication management, and other services. The goal of personal care services is to enable the beneficiary

to remain in the home setting with outpatient treatment instead of long term inpatient stays in hospitals and nursing homes.

4.      To bill the program for personal care services in the home setting, Medicaid requires home health care workers to prepare time sheets containing the name of the personal care attendant, the name of the beneficiary, the dates of service, the time spent with the beneficiary, the daily care activities performed on each date, and the beneficiary's signature for each visit.  Typically, Medicaid uses the amount of hours spent providing personal care services when calculating the amount of reimbursement to provide, making the accuracy of the records regarding which personal care services were performed over what time frame material to the program.

5.      During the time frame of May 4, 2016 through September 8, 2016, defendant submitted false and fraudulent home health care claims to the Medicaid program for a beneficiary with the initials C.M.  In the time sheets for these claims, defendant falsely indicated that she had provided home health care services to C.M. during the dates and times indicated in the time sheets, when, in reality, no services whatsoever had actually been provided..

6.      On November 16, 2016, defendant was interviewed by a special agent from the Federal Bureau of Investigation ("FBI") and a special agent from the U.S. Department of Health and Human Services, Office of Inspector General, at the office of defendant's home health care agency in St. Louis County, Missouri.  Each of these agents was duly authorized by the United States to conduct and engage in investigations of health care fraud offenses, including making false statements relating to health care matters.

7. During the November 16, 2016 interview, defendant made false statements to the special agents, including telling the special agents that defendant had personally provided home health care services to C.M. from 7:30 a.m. to 8:30 a.m. on the various dates listed in her time sheets during May, July, August, and September of 2016. Defendant also provided false documents to the agents during her November 16, 2016 interview, including time sheets that falsely indicated that C.M. was receiving home health care services from defendant on various dates in May, July, August, and September of 2016.

8. Defendant made these false statements to the agents and provided the false documents to the agents during her November 16, 2016 interview with the intent to obstruct the Government's investigation into whether or not the Missouri Medicaid program had paid for home health care services that were never actually provided to C.M. Defendant's statements were material to the program in that Medicaid does not pay for home health care services that are not actually provided to program beneficiaries.

## COUNT ONE

9. Paragraphs 1 through 8 are incorporated by reference, as if fully set forth herein.

10. On or about November 16, 2016, in St. Louis County, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere,

PAMELA MIDDLEBROOK,

the defendant herein, willfully attempted to prevent, obstruct, mislead, and delay the communication of material records and information relating to violations of federal health care offenses to duly authorized criminal investigators.

All in violation of Title 18, United States Code, Section 1518(a).

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

_____
ANDREW J. LAY, #39937MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| EASTERN DIVISION | ) |
| EASTERN DISTRICT OF MISSOURI | ) |

I, Andrew J. Lay, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

Carrie Costantin
Acting United States Attorney

_____
Andrew J. Lay
Assistant United States Attorney

Subscribed and sworn to before me this __21__ day of __AUGUST__, 2017.

_____
CLERK, U.S. DISTRICT COURT

By: _____
    DEPUTY CLERK

4